FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 05 2019 ★

BROOKLYN OFFICE

MISC 19-327

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BULSARA, M.J.

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE
KRAKÓW-ŚRÓDMIEŚCIE DISTRICT
COURT IN KRAKÓW, POLAND
IN THE MATTER OF JACOB TOBIAS,
ET AL.

CASE NO.

_____/

### GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)

The United States of America, by and through counsel, submits this Memorandum of Law in support of the Application for Order,[1] pursuant to 28 U.S.C. § 1782(a), to execute a Letter of Request from judicial authorities in Kraków, Poland for international judicial assistance to obtain testimony from Roy Edelman.

### INTRODUCTION

The request for international judicial assistance comes from the Kraków-Śródmieście District Court in Kraków, Poland ("Polish Court). Specifically, the Polish Court has issued a

---

[1] Gushlak v. Gushlak, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."). *See also* In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); In re Letter of Request from Supreme Ct. of Hong Kong, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); In re Anglin, No. 7:09cv5011, 2009 WL 4739481 (D. Neb. Dec. 4, 2009). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.* Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678 (E.D. Cal. Jan. 5, 2018).

Letter of Request requesting judicial assistance to obtain testimony for use in the *Matter of Jacob Tobias, et al.*, Foreign Reference Number I Ns 465/16/S. *See* Declaration of Trial Attorney Katerina Ossenova, Exhibit A (Letter of Request received by the Office of International Judicial Assistance on Aug. 10, 2018).

The facts of this case, as stated in the Letter of Request, indicate that the matter is a civil proceeding in which the Polish Court is adjudicating the inheritance proceedings of Jacob and Ruth Tobias. In order to make its determination, the Court is requesting testimony from Roy Edelman.

The Polish Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter Hague Evidence Convention]. In order to execute this request for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782(a).

## ARGUMENT

### I. THE HAGUE EVIDENCE CONVENTION

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence Convention pmbl. The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*,

482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and Poland. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited Dec. 7, 2018) (The Hague Evidence Convention entered into force in Poland on April 13, 1996).

Article 10 of the Hague Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention, art. 10. Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id.* at art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause.") (Roders, J., concurring); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty.").

## II. ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION

The Office of International Judicial Assistance (OIJA) received this request, seeking the testimony from Roy Edelman, on August 10, 2018.[2] Upon receipt, OIJA attempted to contact the

---

[2] This request was resubmitted after OIJA previously returned the request for Roy Edelman's

3

witness and obtain his voluntary compliance. In August 2018, an OIJA employee spoke with Mr. Edelman by phone who indicated that he would voluntarily comply with the Letter of Request and provided his email address (Edelman.roy@gmail.com) and mailing address (354 Sleight Avenue, Staten Island, New York 10307).

OIJA then sent the first letter seeking his voluntary compliance on August 20, 2018 by email with a required response date of September 21, 2018. Declaration of Trial Attorney Katerina Ossenova, Exhibit C-1. OIJA received notification that Mr. Edelman read the email on the same day. *Id.* The witness failed to respond by the required date and on September 25, 2018, OIJA sent a second letter by email and Federal Express to Mr. Edelman requiring a response by November 2, 2018. *Id.* at Exhibit C-2. OIJA confirmed that both the email and the hard copy versions were successfully delivered. *Id.* Again, the witness did not comply with the request. On November 2, 2018, OIJA sent a third letter by Federal Express and email requiring a response by November 16, 2018. *Id.* at Exhibit C-3. The email was successfully delivered; however, the hard copy sent by Federal Express was not. *Id.* Therefore, as the last attempt to obtain the witness's voluntary cooperation and confirm his address, a final letter was sent solely by Federal Express on November 16, 2016 seeking a response by November 30, 2018, which was successfully delivered. *Id.* at Exhibit C-4. The witness never responded to any of OIJA's letters and did not provide the affidavit.

In addition to attempting to contact Mr. Edelman by Federal Express and email, in October, OIJA once again reached out to Mr. Edelman by phone. However, the phone number that had previously been used to contact Mr. Edelman was disconnected.

To date, Roy Edelman has not provided responses to the interrogatories despite being

---

testimony unexecuted on February 9, 2018 as the U.S. Attorney's Office was unable to locate the witness. *See* Declaration of Trial Attorney Katerina Ossenova, Exhibit A at 8-22.

4

provided ample opportunity to do so voluntarily. Additionally, Mr. Edelman has shown a propensity for agreeing to cooperate and then actively avoiding further communication in relation to the request for judicial assistance sent from Poland in this matter. *Id.* at Exhibit D (Letter from OIJA and the U.S. Attorney's Office to the Polish Court detailing the extensive efforts to locate Mr. Edelman after he initially agreed to cooperate with the request). We are therefore filing this Application in order to be able to issue a subpoena requiring Mr. Edelman's compliance with the request, should the Court issue the Order.

### III. STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining testimony is contained in 28 U.S.C. § 1782. This section states, in pertinent part:

> <u>Assistance to foreign and international tribunals and to litigants before such tribunals</u>
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal,.... The order may be made pursuant to a ... request made, by a foreign or international tribunal ... and may direct that ... the document ... be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for ... producing the document .... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a); *see also Aérospatiale*, 482 U.S. at 529 (providing a brief history of the Hague Evidence Convention). Section 1782 "is the product of congressional efforts, over the span of 150 years, to provide federal-court assistance in gathering evidence for use in foreign

5

tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988). District courts have repeatedly appointed Department of Justice Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007).

This Court is authorized to provide assistance to the Polish Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re: Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery*, 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004); *see also* S. Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met. First, Roy Edelman "resides or is found in" the Eastern District of New York because his address as provided by Mr. Edelman and as verified through OIJA's attempts to contact him is in Staten Island, New York. *See* Declaration of Trial Attorney Katerina Ossenova, Exhibits C-1 – C-4. Second, the Letter of Request explains that the testimony is "for use in a proceeding before a foreign tribunal" as such testimony is needed to resolve the inheritance proceedings of Jacob and Ruth Tobias. *Id.* at

Exhibit A. Third, the Letter of Request itself reflects that it "is made by a foreign or international tribunal." *Id.*

### IV. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000). The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65. "In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424; *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Polish Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the

7

assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]; see also *Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Although Roy Edelman is a participant in the proceedings, he is not subject to the Polish Court's jurisdiction because he is located in New York; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the application based on the nature of the Polish Court or the character of the proceedings. Additionally, this request was initiated by the Polish Court and not by an independent party; therefore, the Polish Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527.

With respect to the third factor, because the requester is the Polish Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Polish discovery rules or to thwart policies of either the United States or Poland. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the Polish Court's request for judicial assistance.

And with respect to the fourth factor, the requests seeks testimony from Roy Edelman to no more than 12 of questions, and therefore would not be unduly intrusive or burdensome. *See, e.g., Id.* (holding that providing a DNA by buccal swab is not unduly burdensome). *See also In re*

8

*Clerici,* 481 F.3d at 1332 (holding that it was the witness's burden to file a motion to limit discovery and as he had not done so, the Court was not going to address the scope of the request). Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Polish Court.

## CONCLUSION

Attached to the Declaration of Trial Attorney Katerina Ossenova is the proposed subpoena that this office intends to serve (in substantially similar format) on Roy Edelman should the Court grant the Application pursuant to 28 U.S.C. § 1782(a). Upon receipt, the affidavit will be sent to the Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance for transmission to the Kraków-Śródmieście District Court in Kraków, Poland. 28 U.S.C. § 1782(a) ("The order may prescribe the practice and procedure ... for ... producing the document...").

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Department of Justice Trial Attorney Katerina Ossenova Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Dated: February 5, 2019

Respectfully submitted,

RICHARD DONOGHUE
United States Attorney

JODY HUNT
Assistant Attorney General
Civil Division, United States Department of Justice

JEANNE E. DAVIDSON
Director, Office of International Judicial Assistance
Civil Division, United States Department of Justice

By: /s/ Ossenova
KATERINA OSSENOVA
Trial Attorney
United States Department of Justice, Civil Division
Office of International Judicial Assistance
1100 L Street, NW
Room 8102
Washington, DC 20530
Telephone: 202-353-0194
Email: Katerina.V.Ossenova@usdoj.gov